**WO**                                                                                          SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene Boyd Johnson, | No. CV 10-2096-PHX-GMS (DKD) |
| Petitioner, | **ORDER** |
| vs. | |
| State of Arizona, | |
| Respondent. | |

Petitioner Eugene Boyd Johnson, who is confined in the Arizona State Prison Complex, Dakota Unit, in San Luis, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and paid the $5.00 filing fee. (Doc. 1, 6.) The Court dismissed the Petition with leave to file a first amended petition to name Petitioner's custodian. (Doc. 7.) Petitioner filed a First Amended Petition, which the Court dismissed with leave to amend. (Doc. 8, 9.) Petitioner has filed a Second Amended Petition. (Doc. 10.) A response will be required to the Second Amended Petition.

**I.     Second Amended Petition**

Petitioner was convicted by a jury in Maricopa County Superior Court, case# CR2004-036464, of one count of robbery and two counts of armed robbery and was sentenced to a 31.5-year term of imprisonment. In his Second Amended Petition, Petitioner names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent.

Petitioner raises nine grounds for relief, which appear the same as those raised in his First Amended Petition. In Ground One, Petitioner alleges a claim for prosecutorial misconduct. In Ground Two, he alleges a violation of the Sixth Amendment's Confrontation Clause. In Ground Three, Petitioner asserts a violation of the right to compulsory process. In Ground Four, Petitioner alleges insufficient evidence to support his armed robbery conviction. In Ground Five, he asserts that he was denied an evidentiary hearing. In Grounds Six through Eight, he alleges that he received the ineffective assistance of counsel. In Ground Nine, Petitioner asserts a violation of his due process rights. The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

## II.    Warnings

### A.    Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.    Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C.    Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

TERMPSREF

1      (1)    The Clerk of Court must serve a copy of the Second Amended Petition (Doc.

2  10) and this Order on the Respondent and the Attorney General of the State of Arizona by

3  certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

4      (2)    Respondents must answer the Second Amended Petition within 40 days of the

5  date of service.  Respondents must not file a dispositive motion in place of an answer but

6  may file an answer limited to relevant affirmative defenses, including but not limited to,

7  statute of limitations, procedural bar, or non-retroactivity.  If the answer is limited to

8  affirmative defenses, only those portions of the record relevant to those defenses need be

9  attached to the answer.  Failure to set forth an affirmative defense in an answer may be

10  treated as a waiver of the defense. _Day v. McDonough_, 126 S. Ct. 1675, 1684 (2006).  If not

11  limited to affirmative defenses, the answer must fully comply with all of the requirements

12  of Rule 5 of the Rules Governing Section 2254 Cases.

13      (3)    Petitioner may file a reply within 30 days from the date of service of the

14  answer.

15      (4)    This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules

16  72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and

17  recommendation.

18      DATED this 14th day of February, 2011.

19

20  _A. Murray Snow_

21  G. Murray Snow
    United States District Judge

22

23

24

25

26

27

28