1
2
3
4
5
6                     IN THE UNITED STATES DISTRICT COURT
7                        FOR THE DISTRICT OF ARIZONA
8
9   Eugene Boyd Johnson,                    )   No. CV 10-2096-PHX-GMS (SPL)
                                            )
10           Petitioner,                    )   **REPORT AND RECOMMENDATION**
                                            )
11  vs.                                     )
                                            )
12                                          )
    State of Arizona, et al.,               )
13                                          )
             Respondents.                   )
14                                          )
                                            )
15  _____)
16  TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:
17                          **BACKGROUND**
18         Pending before the Court is a *pro se* Second Amended Petition for Writ of Habeas
19  Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Eugene Boyd Johnson.  Doc. 10.
20  Following a jury trial in Maricopa County Superior Court in 2004, Petitioner was convicted
21  of two counts of armed robbery and one count of robbery.  Doc. 17, Exh. C.  On December
22  2, 2004, the trial court sentenced Petitioner to the Arizona Department of Corrections for a
23  total of 31.5 years to be followed by community supervision.  Id.  On December 17, 2004,
24  Petitioner filed a Notice of Appeal.  Doc. 23, Exh. Q.  Through counsel, Petitioner filed an
25  Opening Brief on August 8, 2005.  Doc. 17, Exh. D.
26
27
28

1   After briefing was completed, the Arizona Court of Appeals issued a Memorandum
2   Decision on June 29, 2006, in which it affirmed Petitioner's convictions and sentences but
3   modified his presentence incarceration credit by one day.  Doc. 17, Exh. A at 2, 11-12.
4   Petitioner's subsequent Petition for Review to the Arizona Supreme Court was summarily
5   denied on May 22, 2007.  Doc. 17, Exh. E, F.  Petitioner did not file a petition for writ of
6   certiorari in the United States Supreme Court.  Doc. 10 at 3.
7   On June 15, 2007, Petitioner filed a Notice of Post-Conviction relief under Rule 32
8   of the Arizona Rules of Criminal Procedure.  Doc. 23, Exh. R.  On December 19, 2007,
9   Petitioner's court-appointed  post-conviction counsel filed a Notice of Completion of Post-
10   Conviction Review by Counsel; Request for Extension of Time to Allow Defendant to File
11   Pro Per Petition for Post-Conviction Relief.  Doc. 17, Exh. G.  Counsel explained in the
12   notice that after reviewing the record she was unable to find any claims for relief to raise in
13   a petition for post-conviction relief.  Id.  Petitioner then filed a Pro Per Petition for Post-
14   Conviction Relief on February 1, 2008.  Doc. 18, Exh. H.  After briefing was completed, the
15   trial court issued a Minute Entry on April 21, 2008, in which it summarily dismissed the
16   petition.  Doc. 18, Exh. J.  Petitioner filed a Pro Per Petition for Review to the Arizona Court
17   of Appeals on June 27, 2008.  Doc. 19, Exh. L.  The Court of Appeals denied review on
18   October 2, 2009.  Doc. 19, Exh. M.  Although Petitioner claims that he then sought review
19   in the Arizona Supreme Court, Respondents assert that they have found no records to support
20   this claim.  Doc. 14 at 4.  Respondents further assert that the Arizona Court of Appeals
21   returned the post-conviction proceeding records to the Maricopa County Superior Court only
22   two months after it denied review, strongly suggesting that nothing was filed in the Arizona
23   Supreme Court.  Id.
24   Petitioner filed his original Petition for Writ of Habeas Corpus on September 29,
25   2010.  Doc. 1.  After the District Court Judge dismissed the original and a subsequent
26   amended petition with leave to amend, Petitioner filed a Second Amended Petition for Writ
27   of Habeas Corpus on January 27, 2011.  Doc. 10.  In it, Petitioner alleges eight grounds for
28

relief.[1]   Petitioner alleges in ground one that the state prosecutor committed misconduct during the jury selection process in violation of the Due Process Clause.  In ground two, Petitioner alleges that the Confrontation Clause of the Sixth Amendment was violated when a key witness was not made available to testify during trial.  In ground three, Petitioner alleges that his right to compulsory process under the Sixth Amendment was violated when his lawyer denied him the opportunity to call two alibi witnesses.  In ground four, Petitioner alleges that his right to due process under the Fifth and Fourteenth Amendments was violated as a result of insufficient evidence to support his armed robbery convictions.  In ground six, Petitioner alleges that his trial counsel provided ineffective assistance of counsel when he failed to raise the prosecutorial misconduct and Confrontation Clause issues, and refused to call Petitioner's alibi witnesses.  In ground seven, Petitioner alleges that his direct appeal attorney provided ineffective assistance of counsel when she failed to raise the prosecutorial misconduct, Confrontation Clause and compulsory process issues on appeal.  Petitioner alleges in ground eight that his direct appeal attorney had a conflict of interest and thus provided ineffective assistance of counsel.  He claims that his appellate counsel favored the State in that she refused to present on appeal important issues requested by Petitioner. Finally, in ground nine, Petitioner alleges that his right to due process was violated based on evidence that was improperly admitted during trial.  The District Court Judge screened the Second Amended Petition and directed Respondents to file an answer.   Doc. 11. Respondents filed an Answer to Petition for Writ of Habeas Corpus along with attachments on April 25, 2011.  Docs. 17, 18-23.  Petitioner then filed a Reply on September 7, 2011. Doc. 26.

---

[1] Petitioner identifies nine grounds for relief, but ground five simply requests an evidentiary hearing and does not allege a separate legal basis for habeas corpus relief.  The request for an evidentiary hearing is addressed below, separately from the grounds for relief.

The Arizona Court of Appeals summarized the facts and procedural history of the case as follows:

> In 2003, Phoenix Police Detective Gary Wagoner was investigating a series of six robberies of convenience stores with a similar *modus operandi* in which the suspect was described as a white male with facial hair of some type who wore a long, trench-type coat and hat. Wagoner also had photographs of the suspect derived from surveillance tapes from some of the incidents. As he watched a television news story at his home one night, he thought the face of the person he observed in the news story was the same as the face of the person in the still shots printed from the surveillance tapes. Wagoner learned that the person in the news story was Johnson.

> Thereafter, Wagoner obtained a photograph of Johnson and created a series of photo-lineups that he and another detective showed to the victims of the six robberies. Three of the six victims selected Johnson's photo from the lineups and identified Johnson as the person who had robbed them while implying he held a pointed gun under his clothing.

> Detective Wagoner subsequently interviewed Johnson. Comparing the surveillance tape photos and the television news image to Johnson's person, Wagoner was "100 percent sure" that Johnson was "the same person throughout."

> The State charged Johnson with three counts of armed robbery with a simulated deadly weapon, each a class 2 felony. In count 1, the State charged Johnson with taking money from Mark Lane on November 21, 2003, while Lane worked at an AM/PM store. In count 2, the State charged Johnson with taking money from Justin Gilbert on November 18, 2003, while Gilbert worked at a Circle K. Finally, in count 3, the State charged Johnson with taking money from Francis Griffin on November 12, 2003, as Griffin worked at a Chevron station.

> At trial Johnson presented the testimony of two girlfriends who testified that Johnson had been in a bedroom with either one or the other for the time period of the three robberies. The State impeached these witnesses with prior statements to Detective Wagoner and with statements from recorded telephone conversations with Johnson while he was in jail.

> The trial court granted Johnson's motion for a directed verdict on armed robbery as to count 1, in part, by permitting the lesser included offense of robbery to go forward to the jury. At the conclusion of trial, the jury convicted Johnson of robbery, a class 4 felony, on count 1, and on armed robbery, each a class 2 felony, on counts 2 and 3.

## DISCUSSION

Respondents contend in their answer that several of Petitioner's grounds for relief are procedurally defaulted and must be denied on that basis. They further argue that one of his claims is not cognizable on federal habeas review. Lastly, Respondents argue that the

remaining grounds for relief must be denied on the merits because Petitioner has not satisfied the standard for habeas relief.

**A.    Procedural Default**

**1.    Legal Standards**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001); Bland v. Cal. Dep't of Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc). "Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient

to establish exhaustion." Hivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing Gray v. Netherland, 518 U.S. 152, 162-63 (1996)).

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. See Rose v. Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are still available in state court, the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. Id. However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. Teague v. Lane, 489 U.S. 288, 298-99 (1989); see also Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (a defendant's claim is procedurally defaulted when it is clear that the state court would hold the claim procedurally barred). The federal court will not consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Dretke v. Haley, 541 U.S. 386, 393 (2004); Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

A procedural default may also occur when a petitioner raises a federal claim in state court but the state court declines to address the claim because the petitioner failed to meet a state procedural requirement. Coleman, 501 U.S. at 729-30. In such cases, federal habeas review is precluded if the state court opinion contains a plain statement clearly relying on a state procedural bar that presents an independent and adequate basis for the court's decision. See Harris, 489 U.S. at 263. A state procedural default ruling is "independent" unless resolution of the issue depends on a federal constitutional ruling. Stewart v. Smith, 536 U.S. 856, 860 (2002); Ake v. Oklahoma, 470 U.S. 68, 75 (1985). A state's application of the bar is "adequate" if it is "'strictly or regularly followed.'" Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (quoting Hathorn v. Lovorn, 457 U.S. 255, 262-63 (1982)). Moreover, even if after rejecting a federal claim on procedural grounds, the state court goes on to discuss the merits, the procedural bar is not eliminated. See Harris at 264 n.10; Poland v. Stewart, 169

F.3d 573, 578 n.8 (9th Cir. 1998).  As with defaulted claims that were not fairly presented, a federal court may still review the merits of a defaulted claim based on a state procedural bar if the petitioner can establish cause and prejudice.  See Coleman, 501 U.S. at 750-51.

### 2.   Ground One

Petitioner alleges in ground one that the prosecutor acted improperly when he asked potential jurors if they could find Petitioner guilty of armed robbery even if the evidence showed he was not armed.  Petitioner claims the prosecutor was allowed to dismiss several potential jurors who said they would not be able to so find.  Petitioner claims these questions contaminated the remaining jurors into believing they had to make this finding.  He argues that the prosecutor's misconduct violated his right to a fair trial under the Due Process Clause.

Petitioner concedes that he did not present this issue on direct appeal and raised it only as the basis for an ineffective assistance of counsel claim in post-conviction proceedings. Doc. 10 at 5. By not presenting his prosecutorial misconduct due process claim in the state court, Petitioner has failed to exhaust his state court remedies.  Moreover, Petitioner would no longer have a remedy if he returned to the state court.[2]  As a result, the claim is procedurally defaulted.

Petitioner argues in his reply that his appellate lawyer's ineffective assistance of counsel in failing to raise this claim on direct appeal establishes cause for the default.  Doc. 26 at 19-24.  To demonstrate cause for procedural default, a prisoner must show "that some objective factor external to the defense" impeded his ability to comply with the procedural rule.  Murray v. Carrier, 477 U.S. 478, 489 (1986).  Ineffective assistance of counsel may constitute cause for procedural default.  Id.; United States v. Skurdal, 341 F.3d 921, 925-26

---

[2] Rule 32.2(a)(1) of the Arizona Rules of Criminal Procedure provides that a defendant is precluded from post-conviction relief on any ground that could have been raised on direct appeal.  In addition, the time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown that any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

1    (9th Cir. 2003).  "[I]f the record shows that an appellate counsel's performance fell below the

2    standard of competency of counsel set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 104

3    S.Ct. 2052, 80 L.Ed.2d 674 (1984), or that he was denied representation by counsel on appeal

4    altogether, he has demonstrated cause for his procedural default."  <u>Skurdal</u>, 341 F.3d at 925.

5          Here, Petitioner presents a separate ground for relief alleging ineffective assistance

6    of appellate counsel based on counsel's failure to present prosecutorial misconduct and other

7    issues on direct appeal.  The Court addresses the merits of that claim below and, as the

8    analysis demonstrates, concludes that appellate counsel did not provide ineffective assistance

9    by failing to raise the prosecutorial misconduct claim on direct appeal. Consequently,

10   appellate counsel's failure to raise this claim does not establish cause to overcome the

11   procedural default.  Nor has Petitioner demonstrated a miscarriage of justice to overcome the

12   procedural default.  The Court will therefore recommend that the claim in ground one be

13   denied.

14         **3.      Ground Three**

15         Petitioner alleges in ground three that his right to compulsory process under the Sixth

16   Amendment was violated when his lawyer denied him the opportunity to call two alibi

17   witnesses.  Although Petitioner identifies this as a Sixth Amendment compulsory process

18   claim, he is challenging the actions of his own counsel, not the actions of the state court or

19   the state prosecutor.  By failing to allege that the constitutional violation resulted from state

20   action, Petitioner has not raised a valid Sixth Amendment compulsory process claim.  <u>See</u>

21   <u>Duncan v. State of Lousiana</u>, 391 U.S. 145 (Fourteenth Amendment protects the right to

22   compulsory process under the Sixth Amendment against state action).  Because the claim

23   actually alleges ineffective assistance of trial counsel, it is a duplicate of a claim in ground

24   seven and will be addressed in the corresponding section.

25         To the extent the claim could be construed as a Sixth Amendment compulsory process

26   claim, Petitioner acknowledges he did not present this issue on direct appeal.  Doc. 10 at 5.

27   By not presenting a compulsory process claim in the state court, Petitioner has failed to

28   exhaust his state court remedies.  Moreover, as explained above, Petitioner would no longer

have a remedy if he returned to the state court.  As a result, the claim is procedurally defaulted.  Petitioner presents nothing in his reply to establish cause and prejudice, nor has he shown that failure to consider the claim will result in a miscarriage of justice.  See Doc. 26 at 31.  For these reasons, the Court will recommend that ground three be denied.

### 4.    Ground Four

Petitioner alleges in ground four that there was insufficient evidence to support his armed robbery convictions because the State produced no evidence showing the use of a weapon. He further contends there was no evidence to show the suspect threatened anyone. Petitioner claims the lack of sufficient evidence to support his armed robbery convictions violated his right to due process under the Fifth and Fourteenth Amendments.

Petitioner concedes that he did not present this issue on direct appeal and raised it only as the basis for an ineffective assistance of counsel claim in post-conviction proceedings. Doc. 10 at 7. By not presenting his insufficient evidence due process claim in the state court, Petitioner has failed to exhaust his state court remedies. As with grounds one and three, Petitioner would no longer have a remedy if he returned to the state court.  As a result, the claim is procedurally defaulted.

Petitioner argues in his reply that his appellate lawyer's ineffective assistance of counsel in failing to raise this claim on direct appeal establishes cause for the default.  Doc. 26 at 19-24.  Like ground one, Petitioner here presents a separate ground for relief alleging ineffective assistance of appellate counsel based on counsel's failure to present a claim of insufficient evidence and other issues on direct appeal.  The Court addresses the merits of that claim below and, as the analysis demonstrates, concludes that appellate counsel did not provide ineffective assistance by failing to raise the insufficient evidence claim on direct appeal. Consequently, appellate counsel's failure to raise this claim does not establish cause to overcome the procedural default.  Nor has Petitioner demonstrated a miscarriage of justice to overcome the procedural default.  The Court will therefore recommend that the claim in ground four be denied.

### 5.      Ground Eight

In ground eight, Petitioner alleges that his direct appeal attorney had a conflict of interest and thus provided ineffective assistance of counsel.  He claims that his lawyer on appeal favored the State in that she refused to present on appeal important issues he wanted to raise.

Petitioner raised this claim in his Pro-Per Petition for Post-Conviction Relief.  Doc. 18, Exh. H at 9-10.  However, Petitioner failed to present this claim in his Petition for Review to the Arizona Court of Appeals.  Doc. 19, Exh. L.  Thus, by not giving the state courts one full opportunity to resolve the issue, Petitioner has failed to exhaust his state court remedies.  See Swoopes, 196 F.3d at 1010.  Furthermore, Petitioner would no longer have a remedy if he returned to the state court.  As a result, this claim is procedurally defaulted. Petitioner presents nothing in his reply to establish cause and prejudice as to this claim, nor has he shown that failure to consider the claim will result in a miscarriage of justice.  See Doc. 26 at 37.  For these reasons, the Court will recommend that ground eight be denied.

### B.      Non-Cognizable Claim

Petitioner's claim in ground nine alleges a violation of the Due Process Clause.  He bases his claim, however, on state law evidentiary issues that arose at trial.  For example, he challenges evidence presented at trial regarding his physical characteristics compared with those of the person on the surveillance tape.  He contends that the prosecutor presented evidence that was misleading and confusing to the jury.  Moreoover, in his reply, Petitioner presents the argument as a violation of Rule 403 of the Arizona Rules of Evidence.  Doc. 26 at 38.

To be eligible for federal habeas corpus relief, a state prisoner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Federal habeas corpus relief is not available for errors of state law.  Lewis v. Jeffers, 497 U.S. 764, 780 (1990).  It is not the policy of the federal courts to re-examine state court determinations of state law questions.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  A petitioner may not "transform a state-law issue into a federal one merely by

asserting a violation of due process." <u>Langford v. Day</u>, 110 F.3d 1380, 1389 (9th Cir. 1996). "[T]he Supreme Court has long settled that the Fourteenth Amendment does not assure immunity from judicial error or uniformity of judicial decisions." <u>Little v. Crawford</u>, 449 F.3d 1075, 1082 (9th Cir. 2006).

Petitioner's attempt to equate alleged violations of a state rule of evidence to a violation of the Due Process Clause does not transform ground nine into a federal claim. His claim is nothing more than a challenge, under state evidentiary rules, to the admission of what he believes to be misleading and confusing evidence. It turns solely on the interpretation and application of state law and is, therefore, not cognizable on federal habeas review. Because federal habeas review is unavailable for Petitioner's claim in ground nine, the court will recommend that it be denied.

**C.   Merits Analysis of Remaining Claims**

      **1.   AEDPA Standard of Review**

Under the AEDPA[3], a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); <u>see</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 412-413 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review). A federal court must accept the state court's factual findings unless they are objectively unreasonable. <u>Davis v. Woodford</u>, 384 F.3d 628, 638 (9th Cir. 2004).

A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its]

---

[3] Antiterrorism and Effective Death Penalty Act of 1996.

1   precedent." <u>Taylor</u>, 529 U.S. at 405-06.   "A state court's decision can involve an

2   'unreasonable application' of Federal law if it either (1) correctly identifies the governing rule

3   but then applies it to a new set of facts in a way that is objectively unreasonable, or (2)

4   extends or fails to extend a clearly established legal principle to a new context in a way that

5   is objectively unreasonable." <u>Hernandez v. Small</u>, 282 F.3d 1132, 1142 (9th Cir. 2002).

6   Thus, the "unreasonable application" clause requires the state court's application of Supreme

7   Court law to be more than incorrect or erroneous; it must be objectively unreasonable.

8   <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75 (2003).

9             As a condition for obtaining habeas corpus from a federal court, a state
10         prisoner must show that the state court's ruling on the claim being presented
           in federal court was so lacking in justification that there was an error well
11         understood and comprehended in existing law beyond any possibility for
           fairminded disagreement.

12   <u>Harrington v. Richter</u>, 131 S.Ct. 770, 786-87 (2011).

13         "Clearly established Federal law" in § 2254(d)(1) refers to the holdings of the

14   Supreme Court's decisions (not dicta) in effect at the time the relevant state court decision

15   is issued. <u>Lockyer</u>, 538 U.S. at 71-72. "A legal principle is 'clearly established' within the

16   meaning of this provision only when it is embodied in a holding of this Court." <u>Thaler v.</u>

17   <u>Haynes</u>, 130 S.Ct. 1171 (2010).

18         "When applying these standards, the federal court should review the 'last reasoned

19   decision' by a state court ...." <u>Robinson v. Ignacio</u>, 360 F.3d 1044, 1055 (9th Cir. 2004).

20   "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's

21   burden still must be met by showing there was no reasonable basis for the state court to deny

22   relief." <u>Richter</u>, 131 S.Ct. at 784.

23         **2.     Ground Two**

24         Petitioner alleges in ground two that the Confrontation Clause of the Sixth

25   Amendment was violated when the State failed to produce as a witness one of the store clerk

26   victims, but used statements made by him as evidence against Petitioner.  At trial, the clerk's

27   boss was allowed to testify that the clerk called him to say they had been robbed.  Doc. 17,

28   Exh. D at 38.  The boss further testified that the clerk's voice sounded stressed and nervous

and that upon the boss's arrival to the store, the clerk was still shaking and very nervous.  Id. In addition, the clerk's description of the suspect was admitted including that the robber wore a green trench coat and a hat.  Id.  The clerk's selection of Petitioner from a photo lineup was also admitted.  Id.  By raising the Confrontation Clause claim on direct appeal, Petitioner exhausted his state court remedies.  See Swoopes, 196 F.3d at 1010.

The Arizona Court of Appeals, relying on Crawford v. Washington, 541 U.S. 36 (2004), found that admission of the clerk's statement that the store had been robbed did not violate the Confrontation Clause because it was admissible as an excited utterance.  Doc. 17, Exh. A at 15-17.  The Supreme Court in Crawford reaffirmed that under the Confrontation Clause, testimonial statements from witnesses who are absent from trial are admissible only where the declarant is unavailable and where the defendant has had a prior opportunity to cross-examine.  Crawford, 541 U.S. at 59.  The Arizona Court of Appeals explained that whether an excited utterance is considered "testimonial" under Crawford depends on the circumstances at the time of the statement, including the purpose of the statement more than the declarant's emotional state.  Doc. 17, Exh. A at 16-17 (citing State v. Parks, 211 Ariz. 19, 27-28, 116 P.3d 631, 639-640 (App. 2005)).  The Court of Appeals further explained that the statement at issue here was made to the owner of the store, not the police, and that the clerk sounded stressed and nervous and was visibly shaken.  Doc. 17, Exh. A at 17.  In addition, the statement was made while the clerk was under emotional distress caused by the robbery and its purpose was simply to alert the owner what had happened.  Id.  The Court of Appeals therefore concluded that the statement was an excited utterance and not a "testimonial" statement under Crawford.  Id.

Petitioner has presented nothing in his reply to show that the Arizona Court of Appeals decision is contrary to or an unreasonable application of Crawford.  Doc. 26 at 44-46.  Nor has Petitioner shown that the decision was based on an unreasonable determination of the facts given the evidence presented in the state court.  The Court therefore concludes that Petitioner has failed to satisfy the standard for habeas relief as to this part of his Confrontation Clause claim.

1    The remaining part of the claim challenges the store clerk's out of court statements

2 that Petitioner's own counsel elicited.   As the Arizona Court of Appeals explained,

3 Petitioner's attorney questioned a police officer regarding what he had noted about what the

4 clerk told him.  Doc. 17, Exh. A at 17.  That police officer then testified that the clerk had

5 described the suspect as about five foot eight and 170 pounds.  Id.  In addition, Petitioner's

6 attorney elicited from the owner of the store that they were looking on the tape for someone

7 wearing a green trench coat and a hat, information that presumably came from the clerk.  Id.

8 at 18.  The Court of Appeals rejected the challenges because any error was invited by

9 Petitioner.  Id. at 17-18.

10    The invited error doctrine qualifies as a state procedural bar precluding federal habeas

11 review.  See, e.g., Leavitt v. Arave, 383 F.3d 809, 832-33 (9th Cir. 2004) (where the state

12 court clearly and express invokes the invited error doctrine, there is no reason to treat it

13 differently from other procedural bars); Dreury v. Thaler, 647 F.3d 535, 545 (5th Cir. 2011)

14 (invited error doctrine qualifies as state procedural bar); Parker v. Champion, 148 F.3d 1219,

15 1222 (10th Cir. 1998) (state court's application of invited error doctrine precluded habeas

16 relief).  Here, the Court of Appeals clearly invoked the invited error doctrine to reject

17 Petitioner's claim of a Confrontation Clause violation with respect to some of the clerk's out

18 of court statements.  Because the Court of Appeals applied this procedural bar, federal habeas

19 review is precluded.  See Harris, 489 U.S. at 263.  Moreover, in addressing this issue in his

20 reply, Petitioner has failed to establish cause and prejudice or a miscarriage of justice to

21 overcome this procedural bar.   Doc. 26 at 28-30.   Having found that Petitioner's

22 Confrontation Clause claims fail in part on the merits and in part because of a procedural bar,

23 the Court will recommend that ground two be denied.

### 3.    Ground Six

25    Petitioner alleges in ground six that his trial counsel provided ineffective assistance

26 of counsel when he failed to raise the alleged prosecutorial misconduct and Confrontation

27 Clause violations, and refused to call Petitioner's alibi witnesses.  The two-prong test for

28 demonstrating ineffective assistance of counsel was established by the Supreme Court in

1    Strickland v. Washington, 466 U.S. 668 (1984).  To prevail on an ineffective assistance

2    claim, a convicted defendant must show: (1) that counsel's representation fell below an

3    objective standard of reasonableness; and (2) that there is a reasonable probability that, but

4    for counsel's unprofessional errors, the result of the proceeding would have been different.

5    Strickland, 466 U.S. at 687-88.  There is a strong presumption that counsel's conduct falls

6    within the wide range of reasonable assistance.  Strickland, 466 U.S. at 689-90.  "A fair

7    assessment of attorney performance requires that every effort be made to eliminate the

8    distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged

9    conduct, and to evaluate the conduct from counsel's perspective at the time."  Id. at 689.

10   Regarding prejudice, counsel's errors must be "so serious as to deprive the defendant of a fair

11   trial, a trial whose result is unreliable."  Id. at 687.  It is not enough to merely show "that the

12   errors had some conceivable effect on the outcome of the proceeding."  Id. at 693.

13        In the context of a habeas petition, a petitioner must do more than demonstrate to the

14   federal court that the state court applied Strickland incorrectly.  Bell v. Cone, 535 U.S. 685,

15   698-99 (2002).  Rather, a petitioner must demonstrate that the state court "applied Strickland

16   to the facts of his case in an objectively unreasonable manner."  Id.  "The question is whether

17   there is any reasonable argument that counsel satisfied Strickland's deferential standard."

18   Harrington v. Richter, 131 S.Ct. 770, 788 (2011).

19        Regarding the allegation that his trial counsel failed to raise the issue of prosecutorial

20   misconduct, Petitioner presented this claim in his state post-conviction relief petition and his

21   subsequent petition for review, thus exhausting his state court remedies..  Doc. 18, Exh. H;

22   Doc. 19, Exh. L.  The trial court summarily dismissed the petition for post-conviction relief

23   and the Arizona Court of Appeals summarily denied review.  Doc. 19, Exh. J, M.

24        Petitioner contends here that his trial counsel provided ineffective assistance when he

25   failed to object to the prosecutor's questions to prospective jurors about whether they could

26   convict a person of armed robbery without evidence of a weapon.  Under Arizona law, a

27   person can be convicted of armed robbery if in the course of committing a robbery, the

28   person is "armed with a deadly weapon or a simulated deadly weapon" or "uses or threatens

to use a deadly weapon or dangerous instrument or a simulated deadly weapon." A.R.S. § 13-1904.  In State v. Bousley, 171 Ariz. 166, 167 (1992), the Arizona Supreme Court held that even if unarmed at the time of the robbery, a defendant who positions a part of his body under his clothing in such a way that he appears to have a deadly weapon may be convicted of armed robbery.  In addition, prosecutors may properly inquire whether prospective jurors will follow the law.  State v. Garza, 216 Ariz. 56, 64 (2007).

Based on Arizona law, it appears there was nothing improper about the prosecutor's questions to prospective jurors regarding their ability to follow the law pertaining to armed robbery.  Nor was there anything improper about the trial court's dismissal of prospective jurors who indicated they would not be able to convict a defendant of armed robbery absent a weapon.  Thus, trial counsel's failure to object to the prosecutor's questions to the jurors did not constitute ineffective assistance.  Petitioner has therefore not shown that the state courts applied Strickland in an objectively unreasonable manner when they denied post-conviction relief.

The next allegation, that his trial counsel should have argued a violation of the Confrontation Clause when the store clerk's out of court statements were admitted, is also without merit.[4]  As this Court addressed above, according to the Arizona Court of Appeals, the clerk's statement that they had been robbed was an excited utterance and not a "testimonial" statement under Crawford.  Thus, any objection on Confrontation Clause grounds would likely have been overruled.  Petitioner therefore has not shown that his counsel's failure to object on this basis constituted ineffective assistance of counsel.  The Court need not address trial counsel's decision to elicit from other witnesses additional

---

[4] Respondents argue that this aspect of Petitioner's ineffective assistance of trial counsel claim was not properly exhausted.  However, under 28 U.S.C. § 2254(b)(2) the federal court has the authority to deny claims on the merits, notwithstanding a petitioner's failure to exhaust state court remedies.  As to this portion of this claim, the Court elects to address the merits.

statements by the clerk because Petitioner does not directly challenge that decision in his petition.  Doc. 10 at 8, 13.

Petitioner's final allegation of ineffective assistance of trial counsel is that counsel failed to call two alibi witnesses.  Petitioner claims that two alibi witnesses, Bonnie Grader and Cindy Laliberte, would have testified that he stayed at Grader's house the week of November 10, 2003, the week that the November 12 robbery occurred.  Petitioner attached copies of affidavits from these two women to his state post-conviction petition.  Doc. 19, Exh. L, Attachment I.  As Respondents argue in their answer, however, Petitioner presented Grader's daughter, Tina Lindler, as a witness at trial.  Doc. 22, Exh. V at 76-96.  Ms. Lindler, who was Petitioner's girlfriend, testified that Petitioner stayed with her at her mother's house from November 10 until November 14.  Id. at 78-79, 82.  Thus, Ms. Grader and Ms. Laliberte would have simply repeated what another witness already said.  Moreover, the affidavits simply say Petitioner stayed at the house that week.  Doc. 19, Exh. L, Attachment I.  The affidavits do not say the women were with him the entire week.  Id.

Under these circumstances, Petitioner has failed to overcome the strong presumption that his lawyer's decision not to call Ms. Grader and Ms. Laliberte fell within the wide range of reasonable assistance.  See  Strickland, 466 U.S. at 689-90.  Consequently, he has not established that the state courts misapplied Strickland in an objectively unreasonable manner when they rejected this claim during post-conviction proceedings.

Based on the above analysis, the Court finds that Petitioner's claims of ineffective assistance of trial counsel are without merit and fail to satisfy the high standard for habeas relief.  The Court will therefore recommend that ground six be denied.

### 4.  Ground Seven

Petitioner alleges in ground seven that his direct appeal attorney provided ineffective assistance of counsel when she failed to raise prosecutorial misconduct, Confrontation Clause, compulsory process and insufficient evidence claims.

Regarding the failure to raise a claim of prosecutorial misconduct on direct appeal, the Court finds no ineffective assistance by appellate counsel for the same reasons it found no ineffective assistance by trial counsel.  The prosecutor was permitted to ask questions to prospective jurors about their ability to follow the law pertaining to armed robbery. Petitioner has therefore not established that the state courts misapplied Strickland in an objectively unreasonable manner when they rejected his ineffective assistance of appellate counsel claim during post-conviction proceedings.

As to the alleged failure by appellate counsel to raise a Confrontation Clause violation, counsel did raise this issue.  Petitioner, however, challenges that counsel raised it only as a fundamental error.  What Petitioner appears to be referring to is the decision by the Arizona Court of Appeals to review this claim only for fundamental error because there was no objection during trial to the admission of the challenged evidence.  Doc. 17, Exh. A at 15. Appellate counsel, however, had nothing to do with the failure to object at trial  and thus was not responsible when review was limited to a fundamental error analysis only.  Appellate counsel raised a Confrontation Clause challenge to the store clerk's out of court statements. Thus, there was no ineffective assistance of counsel.  Petitioner has therefore not shown that the state courts misapplied Strickland in an objectively unreasonable manner when they rejected his ineffective assistance of appellate counsel claim during post-conviction proceedings.

Next, Petitioner claims his appellate counsel failed to raise a compulsory process claim based on his trial lawyer's decision not to call two alibi witnesses.  As explained above in the section addressing ground three, there can be no Sixth Amendment compulsory process violation where Petitioner is simply challenging the actions of his own counsel, rather than the actions of the state court or the state prosecutor.  Because Petitioner never alleged that the state court or the prosecutor violated his constitutional right to compulsory process, there was no compulsory process claim to raise on direct appeal.  Consequently, there can be no ineffective assistance for failing to raise it.  Petitioner has therefore not

shown that the state courts misapplied <u>Strickland</u> in an objectively unreasonable manner when they rejected his ineffective assistance of appellate counsel claim during post-conviction proceedings.  To the extent Petitioner is claiming that his direct appeal counsel should have raised an ineffective assistance claim against his trial counsel for failing to call the two alibi witnesses, such a claim would not have been heard on direct appeal.  <u>See State v. Spreitz</u>, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002) (ineffective assistance claims must be raised in a petition for post-conviction relief and cannot be considered on direct appeal).

Lastly, Petitioner alleges that his appellate counsel failed to raise a claim of insufficient evidence.  First, counsel did in fact raise such a claim with respect to the count one robbery conviction.  Doc. 17, Exh. D at 33-37.  The Arizona Court of Appeals rejected the claim.  Doc. 17, Exh. A at 12-15.  Second, the basis for the remainder of Petitioner's claim is that there was insufficient evidence to find him guilty of two counts of armed robbery because there was no evidence of a weapon.  As the Court's analysis of ground six explained, under Arizona law, the use of a "simulated deadly weapon" is sufficient for an armed robbery conviction.  <u>See</u> A.R.S. § 13-1904.  Thus, a claim of insufficient evidence for the armed robbery convictions based on the absence of a weapon would have been unsuccessful.  Appellate counsel did not provide ineffective assistance when she failed to raise such a claim on direct appeal.

Based on the above analysis, the Court finds that Petitioner's claims of ineffective assistance of appellate counsel are without merit and fail to satisfy the high standard for habeas relief.  The Court will therefore recommend that ground seven be denied.

**D.    Evidentiary Hearing**

Petitioner has requested in ground five that the Court grant an evidentiary hearing on his claims.  Based on the above analysis, the court finds that Petitioner is not entitled to an evidentiary hearing because his petition fails to raise any colorable claims for relief.  <u>See</u> <u>Earp v. Ornoski</u>, 431 F.3d 1158, 1167 (9th Cir. 2005).

1

**E.      Conclusion**

2

3
        Having determined that four of Petitioner's grounds for relief are procedurally

4
defaulted, that one of the grounds for relief is not cognizable on federal habeas review, and

5
that the remaining three grounds fail to satisfy the standard for habeas relief, the Court will

recommend that the habeas petition be denied and dismissed with prejudice.

6

**IT IS THEREFORE RECOMMENDED:**

7

8
        That the Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.

9
§ 2254 (Doc. 10) be **DENIED** and **DISMISSED WITH PREJUDICE**;

10

**IT IS FURTHER RECOMMENDED**:

11
        That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal

12
be **DENIED** because the dismissal of the petition is justified by a plain procedural bar and

13
jurists of reason would not find the procedural ruling debatable, and because Petitioner has

14
not made a substantial showing of the denial of a constitutional right.

15
        This recommendation is not an order that is immediately appealable to the Ninth

16
Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

17
Appellate Procedure, should not be filed until entry of the district court's judgment.  The

18
parties shall have 14 days from the date of service of a copy of this recommendation within

19
which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R.

20
Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have 14 days within which to file a response

21
to the objections.

22
        Failure to timely file objections to the Magistrate Judge's Report and Recommendation

23
may result in the acceptance of the Report and Recommendation by the district court without

24
further review.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

25
Failure to timely file objections to any factual determinations of the Magistrate Judge will

26
be considered a waiver of a party's right to appellate review of the findings of fact in an order

27

28

1   of judgement entered pursuant to the Magistrate Judge's recommendation. <u>See</u> Fed. R. Civ.

2   P. 72.

3        DATED this 26th day of March, 2012.

4

5

6   _____

7        Steven P. Logan
     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28