**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Eugene Boyd Johnson, | ) | No. CV-10-2096-PHX-GMS |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| The State of Arizona, et al., | ) | |
| Respondents. | ) | |

Pending before this Court is a Petition for Writ of Habeas Corpus filed by Petitioner Eugene Boyd Johnson. (Doc. 1). Magistrate Judge Steven P. Logan has issued a Report and Recommendation ("R & R") in which he recommended that the Court deny the petition with prejudice; Petitioner has objected to the R & R. (Docs. 28, 29). Because objections have been filed, the Court will review the petition de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc). For the following reasons, the Court accepts the report and recommendation, and denies the petition.

**BACKGROUND**

On August 30, 2004, Petitioner was found guilty after a jury trial in Superior Court, Maricopa County, of one count of robbery and two counts of armed robbery. (Doc. 17-1, Ex. B). Petitioner was sentenced to 31.5 years in prison on December 2, 2004. (Doc. 17-1, Ex. C). Petitioner appealed his conviction, and the Arizona Court of Appeals affirmed the conviction but added one day to his pre-sentence incarceration credit. (Doc. 17-1, Ex. A).

1 The Arizona Supreme Court denied review of the appeal. (Doc. 17-2, Ex. F).

2 On June 15, 2007, Petitioner filed a Notice of Post-Conviction Relief in the Maricopa County Superior Court. (Doc. 23, Ex. R). After his court-appointed attorney stated that she was unable to find any cause for relief in the record, Petitioner filed a pro se petition on January 28, 2008. (Doc. 18-1, Ex. H). The petition was denied on April 21, 2008, and the Court of Appeals denied review of Petitioner's appeal on October 2, 2009. (Doc. 18-4, Ex. J; Doc. 19-1, Ex. M).

Petitioner filed a Petition for Writ of Habeas Corpus in this Court on September 29, 2010, and a Second Amended Petition for Writ of Habeas Corpus on January 27, 2011. (Docs. 1, 10). Petitioner alleges nine grounds for relief, as follows: 1) The state prosecutor committed misconduct during jury selection, 2) Petitioner's rights under the Confrontation Clause of the Sixth Amendment were violated at trial, 3) Petitioner's right to compulsory process was violated, 4) Petitioner's due process rights were violated because he was convicted even though the evidence was insufficient to support a conviction, 5) Petitioner never received an evidentiary hearing in his previous petitions, 6) Petitioner's trial counsel provided ineffective assistance, 7) Petitioner's direct appeal attorney provided ineffective assistance, 8) Petitioner's direct appeal attorney had a conflict of interest, and 9) Petitioner was denied his due process rights by evidentiary rulings at trial. (Doc. 10). Respondent filed a timely response, and Petitioner filed a 138-page reply. (Docs. 17, 26).

On March 27, 2012, Magistrate Judge Logan issued an R & R in which he recommends that the Court find that Petitioner had failed to exhaust Grounds One, Three, Four, and Eight, and that he was procedurally defaulted from returning to state court to pursue them. Magistrate Judge Logan further recommends that the Court find that Ground Five and Ground Nine are not cognizable on habeas review, and that it dismiss Grounds Two, Six, and Seven on the merits.

# DISCUSSION

## I. Legal Standard

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3) (2006). The writ may be granted by "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Review of Petitions for Habeas Corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244 *et seq.* (2006).

### A. Statute of Limitations under AEDPA

Under AEDPA, petitions for habeas corpus must be filed within one year of the start of the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (AEDPA "establishes a 1-year statute of limitations for filing a federal habeas corpus petition") (citing 28 U.S.C. § 2244(d)(1)). The limitation period begins to run when the state conviction becomes final—either "upon 'the conclusion of direct review or the expiration of the time for seeking such review.'" *White v. Klitzkie*, 281 F.3d 920, 923 (9th Cir. 2002) (quoting 28 U.S.C. § 2244(d)(1)(A)). The limitations period is subject to statutory tolling under the terms of AEDPA or equitable tolling under extraordinary circumstances.

### B. Exhaustion of State Remedies

Habeas relief is not available to petitioners who do not properly exhaust their state court procedural remedies prior to filing their federal petitions. 28 U.S.C. § 2254(b)(1). In order to satisfy the exhaustion requirement, a petitioner must give state courts the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (holding that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims") (citations omitted); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("A habeas petitioner must give the state courts the first opportunity to review any claim of federal constitutional error before seeking federal habeas review of that claim.")

(citing *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982)). Except in cases "carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for the purposes of federal habeas once the Arizona State Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 n.3 (9th Cir. 2005) (quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).[1]

### 1. Fair Presentation

To provide the state with the necessary opportunity to review the claim a petitioner must fairly present the claim in each appropriate state court. A claim is not fairly presented unless a petitioner "explicitly indicated" that "the claim was a *federal* one" in the state court litigation. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001) (emphasis in original). A petitioner explicitly indicates that a claim is federal by including "reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). A petitioner does not fairly present a state court with a federal claim merely by including "general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Gray*, 518 U.S. at 162–63).

### 2. Excuse from Exhaustion Requirement

In certain limited circumstances, habeas petitions may be considered by the federal court, even if the petitioner did not exhaust the claims by fairly presenting them in state court. Excuse from exhaustion is available when either "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The Ninth Circuit has held

---

[1] Failure to exhaust state court remedies does not prevent a court from denying a petition on the merits should it deem such denial proper. 28 U.S.C. § 2254(b)(2); *see Duncan v. Walker*, 533 U.S. 167, 183 (2001) (Souter, J., concurring) (stating that the "AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims").

- 4 -

that 28 U.S.C. § 2254(b)(1)(B)(ii) may be satisfied when "the highest state court has recently addressed the issue raised in the petition and resolved it adversely to the petitioner." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981). It may also be satisfied when "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

**C.     Procedural Default**

Habeas review is also not available to petitioners whose claims are procedurally defaulted. A claim may be procedurally defaulted in one of two ways. First, a claim is procedurally defaulted when it was raised in state court, but the state court denied relief based upon "an independent and adequate state procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Second, claims that were not exhausted in state court are procedurally defaulted if the district court determines that a return to state court would be futile because procedural rules would eliminate "the likelihood that a state court will accord the habeas petitioner a hearing on the merits of the claim." *Harris v. Reed*, 489 U.S. 255, 268–70 (1989) (O'Connor, J., concurring). A federal court may only hear a claim that has been procedurally defaulted if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

**2.     Miscarriage of Justice**

Absent cause and prejudice for a procedural default, a petitioner must show that failing to consider a habeas petition would result in a fundamental miscarriage of justice. To meet this standard, a petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S 298, 327 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). A miscarriage of justice claim is not a constitutional claim for relief, but merely "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup*, 513 U.S. at 315 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

**D.     Standard of Review**

A court reviewing a petition alleging that a state court violated a constitutional rule can grant relief only if the state court decision was "contrary to, or involved an unreasonable application of"clearly established law. *Williams v. Taylor*, 529 U.S. 362, 391 (2000). Clearly established federal law consists of "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003) (citing *Bell v. Cone*, 535 U.S. 685, 698 (2002)). Habeas is not granted merely when a federal court disagrees with a state court's constitutional interpretation: "the most important point is that an *unreasonable* application of federal law is different than an *incorrect* application of federal law." *Williams*, 529 U.S. at 410 (emphasis in original).

## II.   Analysis

In the R & R, Magistrate Judge Logan recommended that the Court find that four of Petitioner's grounds for relief were never properly exhausted and have been procedurally defaulted, two were not cognizable on habeas review, and three should be dismissed on the merits. (Doc. 28). The Court has reviewed the original petition, Respondents' answer, Petitioner's reply, Magistrate Judge Logan's R & R, and Petitioner's objections. (Docs. 10, 17, 26, 28, 29). After reviewing the R & R de novo in light of Petitioner's objections, the Court agrees with Magistrate Judge Logan and adopts all of the findings of the R & R. The discussion below addresses only those issues specifically argued in Petitioner's objections.

### A.   Procedurally Defaulted Claims

The R & R recommends that the Court find that Grounds One, Three, Four, and Eight were not fairly presented in state court, and that because Petitioner would be barred from bringing them in state court now, they are procedurally defaulted. The claims are discussed below.

#### 1.   Ground One

In Ground One, petitioner claimed that the state prosecutor engaged in misconduct when he asked potential jurors whether they would be able to find Petitioner guilty of armed robbery even if there was no evidence that Petitioner was actually armed. (Doc. 10 at 5). Petitioner did not bring this issue as a direct claim in any state court proceeding; instead he

- 6 -

claimed in his Rule 32 proceeding that his attorney was ineffective for not bringing it. (Doc. 18-1, Ex. H). In his objections, Petitioner argues the merits of the claim, but does not contest the fact that he did not raise it on appeal. Instead, he again frames the claim within the context of an ineffective assistance claim, writing that "[b]y not filing arguments on this issue Appellate Counsel failed to defend the Petitioner's Constitutional Rights and prejudiced any further appeals on the issues." (Doc. 29 at 3). As discussed below, the Court agrees with the R & R that the ineffective assistance of counsel claim is meritless and does not provide an excuse for the procedural default on Ground One. Ground One is procedurally defaulted.

### 2. Ground Three

Petitioner claims that he was denied his right to compulsory process under the Sixth Amendment when his attorney failed to call two alibi witnesses. As Magistrate Judge Logan noted, Petitioner "is challenging the actions of his own counsel, not the actions of the state court or the state prosecutor," and the claim is therefore better analyzed as part of the ineffective assistance of counsel claim. (Doc. 28 at 8). To the extent that Ground Three alleges denial of compulsory process by a state actor, Magistrate Judge Logan noted that the claim was not fairly presented to state court and has since been procedurally defaulted. (Doc. 28 at 9). Petitioner's objections do not address the fair presentation of this claim, but instead argue the merits. (Doc. 29 at 5). Ground Three is procedurally defaulted.

### 3. Ground Four

In Ground Four, Petitioner claims that there was never evidence of an actual weapon being used, and that the conviction for armed robbery therefore violated his Due Process rights. (Doc. 10 at 6). As Magistrate Judge Logan notes, Petitioner never raised this claim in any state proceeding, but instead argued in his Rule 32 proceeding that his trial lawyer had been ineffective for not raising it. (Doc. 28 at 9; Doc. 18-1 Ex. H). Petitioner's objections to Magistrate Judge Logan's recommendation regarding Ground Four are addressed to his request for an evidentiary hearing, and do not counter the argument that the claim was never presented to state court and has been procedurally defaulted. (Doc. 29 at 5–6). Ground Four is procedurally defaulted.

### 4. Ground Eight

In Ground Eight, Petitioner argues that his appellate counsel, whom he claims was a colleague of his trial counsel, failed to present claims that the trial counsel was ineffective because of a conflict of interest based on their collegial relationship. (Doc. 10 at 9). As Magistrate Judge Logan noted, Petitioner claims that his appellate counsel suffered from a conflict of interest only in his original Rule 32 proceeding, and did not mention it in his petition for review to the Arizona Court of Appeals. (Doc. 19-1, Ex. L). In his objections, Petitioner again argues the merits of the claim, but does not address the issue of fair presentation or procedural default. (Doc. 19 at 20) ("Bottom line here is Appellate Counsel acted in interest other than this Petitioner and his constitutional rights on direct appeal by refusing to file ineffective assistance on Trial Lawyer and disavowal of this Petitioner's attempts to do so."). Ground Eight is procedurally defaulted.

### B.    Non-Cognizable Claims

Magistrate Judge Logan recommends that Ground Five and Ground Nine both be dismissed because they are not cognizable on habeas review. The claims will be addressed in turn.

#### 1. Ground Five

Petitioner's Fifth Ground for relief is a request for an evidentiary hearing. Magistrate Judge Logan addressed the request for an evidentiary hearing and recommended that it be denied because the "petition fails to raise any colorable claim for relief." (Doc. 28 at 19). In his objections, Petitioner states that he "would like to point out that multiple violations constitutional rights and the magnitude of them are facts for this Court to plainly see." (Doc. 29 at 6). As noted above and below, after reviewing the R & R de novo, the Court agrees with its conclusions, and consequentially agrees that there are no grounds for an evidentiary hearing.

#### 2. Ground Nine

In Ground Nine, Petitioner argues that relevant evidence was excluded at trial in violation of Arizona state law, and that he was thereby denied his Due Process rights under

federal law. (Doc. 10 at 10). Magistrate Judge Logan notes that Petitioner cited to the Arizona Rules of Evidence, and noted that a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). In his objections, Petitioner continues to argue that the evidence regarding his physical appearance "clearly proves this Petitioner's innocence." (Doc. 29 at 20). Petitioner himself, however, describes the claim as comprising "repeated violations of Rule 403 of Arizona Rules of Evidence." (Doc. 29 at 20). The claim is not cognizable on habeas review.

### C. Claims Addressed on the Merits

Magistrate Judge Logan recommends dismissing Ground Two, Ground Six, and Ground Seven under the AEDPA standard of review. *See* 28 U.S.C. § 2254(d).

#### 1. Claim Two

Petitioner claims that his rights under the Confrontation Clause of the Sixth Amendment were violated when a police officer was allowed to testify at trial about the statements of a clerk at one of the stores that was robbed. (Doc. 10 at 6). As Magistrate Logan noted, the Court of Appeals considered this claim and found that one of the statements was admitted as an excited utterance, and other statements were elicited from the police officer by Petitioner's attorney. (Doc. 28 at 12–13). Applying *Crawford v. Washington*, 541 U.S. 36 (2004) and the invited error doctrine, the Court of Appeals found that there was no violation. Magistrate Judge Logan found that the application of *Crawford* was not contrary to clearly established federal law, and that the invited error doctrine was a procedural bar precluding habeas review. (Doc. 28 at 15). In his reply, Petitioner alleges that the prosecutors doctored the surveillance video and reiterates his Confrontation Clause argument, stating that "[f]ace to face confrontation enhances the accuracy of fact finding by reducing the risk that a witness will wrongfully implicate an innocent person." (Doc. 29 at 4). Petitioner does not address either the excited utterance doctrine or the invited error doctrine, and thereby does not counter the grounds on which Magistrate Judge Logan recommended that Ground One be dismissed. The Court adopts the R & R with respect to Ground Two.

### 2. **Ground Six**

In Ground Six, Petitioner alleges that his trial counsel provided ineffective assistance because he a) did not object when the prosecutor asked potential jurors whether they could convict for armed robbery in the absence of a finding that Petitioner was in fact armed, b) did not raise the Confrontation Clause argument, and c) did not call Petitioner's alibi witnesses. Magistrate Judge Logan discussed the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984), which requires that an ineffective assistance of counsel claim cannot succeed unless a petitioner shows that a counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that counsel's errors prejudiced the defendant. (Doc. 28 at 15).

Under Arizona law, a person may be convicted of armed robbery even if he is holding only a simulated deadly weapon, and the Arizona Supreme Court has held that suggesting a gun under a piece of clothing qualifies as a simulated deadly weapon. (Doc. 28 at 16). The Court of Appeals thus found that the Confrontation Clause claim was meritless. Therefore, failing to bring the Confrontation Clause claim at trial could not have constituted a deficient performance that prejudiced Petitioner. (*Id.*). Further, the alibi witnesses were duplicative of a witness that was called, and failing to call them "fell within the wide range of reasonable assistance." (Doc. 28 at 17).

In his objections to these determinations by Magistrate Judge Logan, Petitioner cites to cases that affirm that prosecutorial misconduct can constitute a Due Process violation, but does not address the fact that in his particular trial, the conduct of the prosecutor conformed with well-established law. (Doc. 29 at 7). He states only that the Prosecutor used "<u>improper methods</u>," but offers no support for the statement other than stock citations to prosecutorial misconduct cases. (*Id.*) (emphasis in original). Regarding his claim that his attorney was ineffective because he did not make Petitioner's Confrontation Clause argument, Petitioner again cites only to general Confrontation Clause cases; he does not discuss the actual grounds on which the claim was found not to be valid. (Doc. 29 at 10). Finally, he reiterates that the alibi witnesses were available to testify, but does not address the finding that their testimony

- 10 -

1  would be duplicative. (Doc. 29 at 10).

2  Petitioner's objections do not address the grounds upon which the Magistrate Judge
3  recommended that Ground Six be dismissed. With regards to the prosecutorial misconduct
4  claim and the Confrontation Clause claim, the Court adopts the R & R completely. Regarding
5  the claim that the trial attorney was ineffective because he failed to call the alibi witnesses,
6  the Court adopts the R & R but adds one fact from the record not discussed by either party.
7  Petitioner's trial attorney filed a motion in limine to prevent the state from introducing
8  recorded telephone calls between Petitioner and the witnesses he now states his attorney
9  should have called. (Doc. 19-1, Ex. S at 47–49). On these recorded conversations, Petitioner
10 was speaking to these witnesses "about dates that he was with her and both of them about
11 people who could testify that that's where he was," even though "[t]hose dates and those time
12 frames are inconsistent with what each of those witnesses said at a subsequent interview."
13 (*Id.*). The Court held that so long as the government did not disclose that the tapes were made
14 from jail, they could be introduced for impeachment purposes. (*Id.* at 52). The Court's ruling
15 further suggests why a competent lawyer would choose not to call Petitioner's alibi
16 witnesses.

### 3. Ground Seven

18 Petitioner claims that his appellate counsel was ineffective because she a) did not raise
19 the prosecutorial misconduct issue, b) did not raise the Confrontation Clause issue, c) did not
20 raise the Compulsory process issue, and d) did not argue that there was insufficient evidence
21 introduced at trial to convict him. (Doc. 10 at 8). Magistrate Judge Logan recommends that
22 the ground be dismissed because a) the prosecutorial misconduct argument was without
23 merit, b) the appellate counsel did raise the Confrontation Clause issue, c) the failure to call
24 alibi witnesses cannot be construed as a Compulsory process claim because the state did not
25 deny Petitioner's right to call the witnesses, and thus there was no purpose in raising it on
26 appeal, and d) the appellate counsel did raise the issue with regards to one claim, and with
27 regards to the others the claim was meritless. (Doc. 28 at 18–19).

28 In his objections, Petitioner again states the reasons he believes the claims are valid,

- 11 -

1 which were considered and rejected elsewhere in the R & R and in this Order. (Doc. 29 at
2 12–19). He again does not address settled Arizona law that one can be convicted of armed
3 robbery by suggesting that one is armed with a hand under a piece of clothing. *See State v.*
4 *Bousley*, 171 Ariz. 166, 167, 829 P.2d 1212, 1213 (1992). He does not address the grounds
5 upon which the Court of Appeals found there was no Confrontation Clause violation. He
6 does not address the fact that his appellate attorney cannot bring a claim for the denial of
7 compulsory process when his trial attorney elected not to call witnesses. He does not address
8 the fact that his appellate attorney in fact argued that the evidence was insufficient to merit
9 a conviction. Petitioner does not address the reasoning supporting the R & R's conclusions
10 in his objections, and this Court adopts the reasoning of the R & R.

       **D.**    **Cause for Procedural Default**

12        In his objections, Petitioner notes correctly that ineffective assistance of counsel can
13 constitute cause for procedural default. (Doc. 29 at 21–22). Since this Court adopts the R &
14 R's recommendation that there was no ineffective assistance here, Petitioner has shown no
15 cause for procedural default. Petitioner additionally notes that procedural default may be
16 excused when "a constitutional violation has probably resulted in the conviction of a person
17 who is actually innocent." *Murray*, 477 U.S. at 496. Petitioner states that some of the video
18 evidence that was not shown to the jury "could have revealed suspect had no tattoos on his
19 arms" when Petitioner in fact has tattoos on his arms. Nowhere in the record of this case is
20 there any suggestion that actual exculpatory evidence was withheld from Petitioner, and his
21 musings about what video evidence could have shown do not meet *Murray*'s high standard.
22 Petitioner's procedurally defaulted claims will not be considered.

       **E.**    **Certificate of Appealability**

24        Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event
25 Movant files an appeal, the Court declines to issue a certificate of appealability because
26 reasonable jurists would not find the Court's procedural rulings debatable, and would not
27 "find the district court's assessment of the constitutional claims debatable or wrong." *Slack*
28 *v. McDaniel*, 529 U.S. 473, 484 (2000).

**CONCLUSION**

Magistrate Judge Logan's R & R properly concludes that four grounds are procedurally defaulted, two grounds are not cognizable on habeas review, and three grounds should be dismissed on the merits. Petitioner's objections merely re-argue the merits of his claim and generally do not address the reasoning on which the R & R is based. In those cases where Petitioner does challenge that reasoning, the Court finds that the R & R is correct.

**IT IS THEREFORE ORDERED:**

1. Petitioner's Amended Petition for the Writ of Habeas Corpus (Doc. 10) is **denied**.

2. The Report and Recommendation (Doc. 28) is **accepted**.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

4. The Clerk of Court shall **terminate this action**.

DATED this 25th day of June, 2012.

_G. Murray Snow_
United States District Judge